UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-21399-CIV-LENARD/GOODMAN

CARLOS JUAREZ, JR. *and all others similarly situated under 29 U.S.C. 216(B)*

       Plaintiff

vs.

CANES BAR & GRILL OF SOUTH FLORIDA, INC.
ALBERT BORRERO

       Defendants

**JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff, Carlos Juarez, Jr, and Defendants Canes Bar & Grill of South Florida, Inc., and Albert Borrero by and through undersigned Counsel, file this Joint Motion for Approval of the Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

1. Plaintiff and Defendants have reached an amicable resolution in this matter [D.E. 27].

2. Plaintiff filed a complaint under the Fair Labor Standards Act (FLSA) whereby Plaintiff alleged that he was not properly all his overtime wages.

3. Defendants' dispute Plaintiff's claim and contend that Plaintiff worked far fewer hours than the approximated hours alleged in the complaint. In support thereof, Defendants rely on Plaintiff's claim whereby Plaintiff alleges that he was paid for each hour worked, but was not paid the additional halftime overtime rate for each overtime hour worked. Therefore, although no time records were kept as to the precise hours worked by Plaintiff, the parties were able to calculate the amount of overtime wages due to Plaintiff by

    dividing Plaintiff's weekly wages by his hourly rate and thereafter calculating the additional halftime overtime rate owed to Plaintiff for each hour worked.

4. It is the parties contention that the amounts received by Plaintiff pursuant to the settlement agreement will fully compensate Plaintiff for all wages and liquidated damages owed to Plaintiff.

5. Furthermore, Defendants contend that liquidated damages are unwarranted as Defendants acted in good faith.

## Memorandum of Law

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

In *Lynn's Food Stores, Inc.,* the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to employees. After failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even though the total amount of damages exceeded $10,000. *Lynn's Food Stores, Inc.* at 1352. In coaxing the employees to accept their pro rata share of $1,000, the employer "representative repeatedly insinuated that the employees were not really entitled to any back

wages, much less the amounts calculated by the Department of Labor" and stated ""Honestly, most everyone returned the checks…"" and only the malcontents would accept wages under the FLSA. *Lynn's Food Stores, Inc.* at 1354.

The Eleventh Circuit went on to state that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores, Inc.* at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In the present case, Defendants' contest Plaintiff's claim for the reasons outlined above. However, in order to avoid the uncertainties of litigation, Defendants made an economic business decision to amicably resolve this matter.

Therefore, based on Defendants' contestation, the amount of wages, if any, are in dispute. Therefore, "in order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the Parties settlement agreement.

It is the Parties' contention that in light of the issues in dispute, the amount received by Plaintiffs in this settlement is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiffs could have received far less, or nothing, and therefore are receiving far more pursuant to the settlement agreement. Furthermore,

pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed text of the order approving settlement and dismissal with prejudice and agree each party shall bear its own costs and attorney's fees, except as otherwise stated in the Settlement Agreement.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement and (2) dismissing this action with prejudice against Defendants.

Respectfully Submitted,

Dated:  10/07/14                                                             Dated: 10/07/14

| J.H. Zidell, P.A. | Law Office of Ricardo Morales, PLC |
| Attorney for Plaintiff | Attorney for Defendants |
| 300 71st Street, Suite 605 | 7950 W Flagler Street, Suite 104 |
| Miami Beach, Florida 33141 | Miami, Florida 33144 |
| Tel: (305) 865-6766 | Tel: (305) 262-0875 |
| Fax: (305) 865-7167 | Fax: (305) 262-0876 |
| Email: DanielFeld.Esq@gmail.com | Email: rmorales@rmoraleslaw.com |

By:  /s/ Daniel T. Feld___                         By:  /s/ Ricardo Morales _____
     Daniel T. Feld, Esq.                                   Ricardo Morales, Esq.
     Florida Bar Number 0037013                   Florida Bar Number: 089893