## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

CANES BAR & GRILL OF SOUTH FLORIDA, INC., including all of its officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, ALBERT BORRERO, including all heirs, representatives, attorneys, successors, and assigns, (hereinafter collectively referred to as "Defendants"), and CARLOS JUAREZ, JR., including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Plaintiff"), for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows and hereby state that this Agreement was entered into by the Parties absent any undue influence, overreaching, collusion or intimidation:

1. **Mutual General Release.** In consideration for the promises contained in this Confidential Settlement Agreement and General Release (the "Agreement"), the Parties unconditionally release and discharge each other (collectively referred to as the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the Released Parties, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of his employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under:
   a) Title VII of the 1964 Civil Rights Act
   b) The Civil Rights Act of 1991
   c) The Age Discrimination in Employment Act
   d) The Older Workers Benefit Protection Act
   e) The Equal Pay Act
   f) The Fair Labor Standards Act ("FLSA")
   g) The Employee Retirement Income Security Act (ERISA)
   h) The Americans with Disabilities Act of 1990
   i) The Rehabilitation Act of 1973
   j) The Family and Medical Leave Act of 1993
   k) 42 U.S.C. §§ 1981, 1985(3), and 1986
   l) The Occupational Safety and Health Act
   m) Chapter 760, Florida Statutes
   n) The Florida Private Whistle-blower's Act of 1991
   o) Chapter 11A of the Miami-Dade County Code
   p) Any other federal, state, or local laws, statutes, ordinances, treaties, or regulations. This also includes any state claims regarding any matter related to this case or Defendants' counterclaims raised in this matter (and those state claims shall not be filed in any court by Defendants or prosecuted in any manner whatsoever).
   q) The Plaintiff hereby represents and affirms that he did not suffer any accidents whatsoever during the course of his employment with Defendants, and that he

never reported any work related accidents during the course of his employment. The Plaintiff hereby waives any potential claims or rights under workers compensation against the Defendants.

2. This Release includes all claims which were, or could have been, asserted in the lawsuit styled JUAREZ v. CANES BAR & GRILL OF SOUTH FLORIDA, INC., ALBERT BORRERO, Case Number 14-21399-CV-JAL currently pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

3. **Consideration**. In consideration of the promises of Plaintiff as set forth herein, the Defendants jointly and severally shall to provide payment to Plaintiff's counsel in a single cashier's check payable to <u>Client Trust Account of J.H. Zidell, P.A.</u> by October 3, 2014. The total settlement is in the amount of Ten Thousand Dollars and No Cents ($10,000.00). Of the settlement proceeds, Plaintiff shall receive a total of Five Thousand Five Hundred Dollars and No Cents ($5,500.00), and Plaintiff's Counsel shall receive a total of Four Thousand Five Hundred Dollars and No Cents ($4,500.00) as payment for fees and costs incurred in this case [$500.00 of that total to Plaintiff's Counsel represents costs].

4. **Mediation**. Defendants shall pay Plaintiff's portion in full of mediation costs incurred in this matter on September 29, 2014.

5. **Non-Admission Clause and Taxes.** By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

    Plaintiff hereby agrees and understands that he is responsible for all applicable taxes regarding proceeds received by him with respect to this settlement.

6. **Non Disparaging Remarks and No Re-hire**. The parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will only provide a neutral reference regarding dates of employment, and/or positions held, and/or rates of pay. Plaintiff understands that under this agreement, he shall not be re-hired by Defendants in the future, and Plaintiff agrees to same.

7. **Jurisdiction.** The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

    a) **Dismissal of Lawsuit.** Within ten (10) days of signing this Agreement the parties agree to file with the Court in the Litigation a Motion for Approval of the Parties Settlement Agreement and Dismissal With Prejudice of all claims asserted by

Plaintiff in this Litigation with the Court to maintain jurisdiction to enforce the terms of this agreement, along with a proposed Order.

8. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

9. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

10. **Voluntariness.** Plaintiff certifies that Plaintiff have fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff have been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff are signing freely and voluntarily, and without duress, coercion, or undue influence.

11. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement.

12. **Confidentiality:** By receipt of the Settlement Amount set forth above, the Plaintiff expressly agrees that the terms of this settlement (including but not limited to the amount of consideration paid hereunder) will not be discussed either directly or indirectly with any past, present or future employees of the Defendants or any other persons, with the exception of: (1) this agreement may be used as evidence in any action relating to a breach of this agreement; (2) for enforcement of this agreement; (3) Plaintiff's counsel; (4) Plaintiff's Accountant; (5) for reporting to Taxing authorities; (6) Plaintiff's spouse; (7) or when otherwise required by law. As to the terms of this agreement, Plaintiff may only state that the dispute has been "resolved." The prevailing party to a suit for any breach of this Settlement Agreement is entitled to all attorneys' fees and costs, jointly and severally, from the nonprevailing party.

13. **Default:** Should Defendants fail to make payment of the settlement funds pursuant to this Settlement Agreement or should the check be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via email to Defense Counsel. In the event Defendants fail to cure said breach within (3) business days, Plaintiff shall be entitled to a default final judgment against all Defendants, jointly and severally, in the amount of Twelve Thousand Dollars and No Cents ($12,000.00) less any payments already made. Thus, the penalty would involve an additional Two Thousand Dollars and No Cents ($2,000.00) should Defendants so breach. Plaintiff's attorneys shall be entitled to any fees and costs incurred in enforcing said settlement agreement.

By: _____
**CARLOS JUAREZ, JR**
Date: 9-29-2014

CANES BAR & GRILL OF SOUTH FLORIDA, INC.
By: _____
Name: Albert Borrero
Title: V.P.
Date: 9-29-14

By: _____
**ALBERT BORRERO**
Date: 9/29/14

CJ AB